

**STEIN & NIEPORENT LLP**
1441 Broadway, Suite 6090
New York, NY 10018
(212) 308-3444 Main
(212) 836-9595 Fax
www.steinllp.com

David Stein: DSTEIN@STEINLLP.COM
(admitted in NY, NJ, PA, DC, IL)

David Nieporent: DNIEPORENT@STEINLLP.COM
(admitted in NY, NJ)

November 22, 2023

**VIA ECF**

Hon. Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY  10007

*The request to take two depositions of plaintiff, with the first deposition focused on standing, is granted. The parties should propose a revised scheduling order accounting for these two depositions by November 29, 2023.*

*SO ORDERED*

*Arun Subramanian, U.S.D.J.*
*Date: November 27, 2023*

Re:   **Toro v. Bens Pure Maple Products, LLC**
*Case No. 23-cv-4176 (AS) (JW)*

Dear Judge Subramanian:

We represent defendant Bens Pure Maple Products, LLC, and we write pursuant to Your Honor's instruction at yesterday's telephonic initial conference to make a letter application requesting to conduct two depositions of plaintiff, with the first deposition focused on standing, provided that the combined deposition time not exceed seven hours pursuant to Federal Rule of Civil Procedure 30(d)(1).  As we noted yesterday, plaintiff Andrew Toro has filed more than 120 ADA website accessibility cases, and we assert that his standing is extremely suspect.  Without standing, this Court lacks subject matter jurisdiction.  In recognition of this threshold issue, Judge Cronan has permitted us to take two depositions of plaintiffs in other ADA website accessibility cases.  *See,* for example, *Toro v. Decor Steals, LLC*, 23-cv-868 (JPC); *Toro v. Accessories International, Inc.*, 23-cv-4799 (JPC); *Alexandria v. Charlotte Stone Shoes, Inc.*, 23-cv-5067 (JPC); and *Bassaw v. Molekule, Inc.*, 23-cv-4667 (JPC), and Judge Woods did the same in *Toro v. Fright-Rags, Inc.*, 23-cv-1816 (GHW).  As explained at the conference, the purpose of this approach is to allow defendant to explore and address this threshold issue early, hopefully obviating the need to investigate technical questions about the website and plaintiff's experience on it, rather than forcing the parties to expend time and energy on those subjects before resolving the dispositive standing issue.

Several other judges in this district have ordered bifurcated discovery.  *See,* for example, *Young v. WSH Group 1, LLC*, 22-cv-5949 (JPO); *Toro v. A Cheerful Giver, Inc.,* 23-cv-44 (VEC); *Clement v. 3Sixteen Fabrications, Inc.*, 23-cv-4057 (BMC); *Fagnani v. The Christmas Palace, LLC*, 22-cv-10840 (Magistrate Judge Wills); *Velazquez v. Dog Is Good, LLC*, 23-cv-107 (Magistrate Judge Wills); *Dawkins v. 6M Group, Inc.*, 23-cv-1380 (Magistrate Judge Scanlon); *Brown v. Dartmouth Co-operative Society, Inc.*, 23-cv-1568 (Magistrate Judge Gorenstein); *Toro v. Ruze, Inc.*, 23-cv-2982 (Magistrate Judge Moses); *Castro v. Brooklyn Cloth, LLC*, 23-cv-3328 (VSB); and *Yan Luis v. Arcona, Inc.*, 23-cv-2951 (VSB).  Accordingly, we respectfully request permission to probe plaintiff's standing at the outset of this case, either via the two-deposition approach or via bifurcated discovery.

Hon. Arun Subramanian, U.S.D.J.
November 22, 2023
Page 2 of 2

      We thank the Court for its attention to this matter. We are available at Your Honor's convenience if the Court has any questions regarding the foregoing.

                                      Respectfully submitted,

                                      David Stein

cc:  Mars Khaimov, Esq. (via ECF)